# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

THOMAS CURTIS,

    Plaintiff,

v.

RED ROCK CASINO,

    Defendant.

Case No.: 2:24-cv-02291-JAD-NJK

**ORDER AND
REPORT AND RECOMMENDATION**

District courts have the authority to dismiss cases *sua sponte* without notice to the plaintiff when he "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).[1] A complaint should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).[2]

---

[1] When a plaintiff seeks to proceed *in forma pauperis*, courts screen the complaint to ensure that a claim for relief has been stated. 28 U.S.C. § 1915(e). Here, Plaintiff filed an application to proceed *in forma pauperis*. *See* Docket No. 5. Given the Court's separate ability to dismiss the complaint pursuant to the authority cited above, however, the Court need not address whether Plaintiff qualifies to proceed *in forma pauperis* before dismissing his case.

[2] Courts have a duty to construe *pro se* filings liberally. *E.g.*, *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

1

Plaintiff's complaint alleges that, while he was at Palace Station, he played and won the Lobster Mania game. Docket No. 1-1 at 3. Plaintiff alleges that the floor tech, IGT, and Game King, in order to avoid paying Plaintiff for his win, released a nuclear substance. *Id*. Plaintiff alleges that IGT used nuclear energy to cause bodily harm that could not be reversed so that Plaintiff would not be paid. *Id*. at 4, 5. Plaintiff asserts that these allegations constitute violations of statutes regarding use of weapons of mass destruction, lethal agents, and toxins. *See id*. Plaintiff seeks $62 billion in damages. *See id.* at 6. The complaint is frivolous and delusional and does not state a claim upon which relief can be granted.[3]

Accordingly,

**IT IS ORDERED** that Plaintiff's application to proceed in forma pauperis, Docket No. 5, is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's motion to petition, Docket No. 6, is **DENIED** as moot.

**IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED** with prejudice.[4]

Dated: January 7, 2025.

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and

---

[3] Plaintiff states that he has not filed any other lawsuits while incarcerated, which is not accurate. *See, e.g.*, Case Nos. 2:21-cv-1610, 2:20-cv-2290, 2:20-cv-2066, 3:20-cv-700, 3:20-cv-640.

[4] Plaintiff has previously filed suits that resulted in a dismissal with prejudice as being delusional. See, e.g., Case Nos. 2:20-cv-2066, 3:20-cv-700, 2:16-cv-01586. Plaintiff has more recently filed numerous cases in this courthouse, in addition to this case. *See* Case Nos. 2:24-cv-2401, 2:24-cv-02367. Plaintiff is cautioned that filing frivolous cases may result in a finding that he is a vexatious litigant.

recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).